ROMUALD PARADIS *vs.* CEDRIC JUDKINS.

Oxford.    Opinion November 30, 1923.

*Upon all the evidence the verdict not clearly, palpably wrong, hence must stand.
Plaintiff guilty of contributory negligence.*

The jury found that the defendant is not liable, and we cannot say from the
whole record, as a matter of law, that the verdict is clearly, palpably wrong.
We do not approve some of the measures taken by the defendant in his zeal
in the performance of his duty.    If the testimony rested there, our conclusion
would be different.    There is, however, another element to be considered which
no doubt impressed the jury, and that is the alleged due care, and lawful use
of the highway on the part of the plaintiff.    Having in mind the occurrences
so fully detailed in the evidence, the many lights, the great speed on approach-
ing the chain, the greater speed developed on seeing the lights, seeing the officer
and the men with him, all creating a situation where he must have known he
would not be in danger of bodily harm if he stopped, as an innocent man would
have stopped, yet he drove forward regardless of consequences.    To the result-
ing damage his own want of due care contributed in a large measure.

On motion for a new trial by plaintiff.    An action to recover
damages which plaintiff alleged he suffered by reason of a chain
being stretched across the highway in the town of Upton, by the
defendant, a deputy sheriff, on which highway plaintiff was traveling
in his automobile, and his automobile came in contact with said
chain as he drove along the road.    A jury returned a verdict for
defendant and plaintiff filed a general motion for a new trial.    Motion
overruled.

The case is sufficiently stated in the opinion.

*Albert Beliveau,* for plaintiff.

*Alton C. Wheeler,* for defendant.

SITTING:    CORNISH, C. J., HANSON, PHILBROOK, MORRILL,
WILSON, DEASY, JJ.

HANSON, J.    Action on the case.    The plaintiff sued to recover
damages for an alleged personal assault by the defendant, a deputy
sheriff.    The jury returned a verdict for the defendant.    The case
comes before us on the plaintiff's general motion for a new trial.

The orginal declaration as amended sets out "that the plaintiff . . . . on the tenth day of August, A. D. 1922, at Upton in the County of Oxford, was then and there lawfully driving and operating a certain Nash runabout automobile on the road leading into Upton from the town of Erroll, New Hampshire; and the plaintiff alleges that the defendant unlawfully and without any authority whatsoever did then and there stretch in and across said road, at a short distance from said town of Upton, a big and heavy iron chain; and plaintiff avers that the said defendant then and there fastened said chain to trees or telephone posts on either side of said road; and the plaintiff alleges that he had no knowledge or notice of said chain being stretched or laid across said road, as aforesaid, and that, while he was operating, as aforesaid, his Nash runabout automobile lawfully, legally and at a moderate rate of speed, up the hill going into said Upton, on said road as aforesaid, he then and there came in contact and struck the aforesaid chain, laid or stretched across said road, as aforesaid, by the defendant unlawfully and without any authority . . . . that because of coming in contact and colliding with said obstacle, the plaintiff was then and there severely and seriously injured; . . . . and plaintiff alleges that the injuries caused to and suffered by the plaintiff were due wholly to the unlawful, illegal and unauthorized act of the defendant . . . . and were not due in any way to the negligence or carelessness of the plaintiff who, at all times, was in the exercise of due care and caution."

There was a lantern in the road at some distance from the obstruction. There was another lantern with the red light exposure open and in view before him, the chain was covered by a small tent, the light in front of the tent, the lights on the automobile were turned on and showing clearly, and in addition the defendant stood in the highway waving a flash-light. The plaintiff testified that the only light visible to him was the "searchlight" in the hand of the defendant, and this he saw while two or three hundred feet distant from the officer who stood near the chain. It was two o'clock in the morning. The case shows that the plaintiff's light could be seen while he was at least a mile distant. He was driving at a rapid rate of speed, and there was testimony which the jury were authorized to believe that, on nearing the first lantern, he increased his speed, ran directly over that lantern, and with still increasing speed ran

directly for the red light attached to the chain, breaking the chain, and on his own showing the car stopped forty feet beyond the chain.

The plaintiff contended that he did not see the first light in the highway, or the second light on the chain, and that he was pursuing his way lawfully and in the exercise of due care. The jury did not believe his story. We are persuaded that the finding of the jury is fortified by the evidence. The questions were submitted to the jury under instructions to which no exception was taken. We must assume that the instructions were proper. The jury found that the defendant is not liable, and we cannot say from the whole record, as matter of law, that the verdict is clearly, palpably wrong. We do not approve some of the measures taken by the defendant in his zeal in the performance of his duty. If the testimony rested there, our conclusion would be different. There is, however, another element to be considered which no doubt impressed the jury, and that is the alleged due care, and lawful use of the highway on the part of the plaintiff. Having in mind the occurrences so fully detailed in the evidence, the many lights, the great speed on approaching the chain, the greater speed developed on seeing the lights, seeing the officer and the men with him, all creating a situation where he must have known he would not be in danger of bodily harm if he stopped, as an innocent man would stop, yet he drove forward regardless of consequences. To the resulting damage his own want of due care contributed in a large measure. In view of all the evidence the verdict must stand.

*Motion overruled.*